UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24387-CIV-DUBÉ

**CONSENT CASE**

GARY PALMER, ESQ.,

    Petitioner,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## MEMORANDUM ORDER

THIS CAUSE is before this Court on the Petition for Writ of Mandamus filed by the Petitioner (D.E. #1) and the Motion to Dismiss filed by the Defendant (D.E. #9) pursuant to the consent of the parties and an Order of Reference entered by the Honorable Ursula Ungaro, United States District Judge. This Court has reviewed the motions and the file in this cause.

### I. PROCEDURAL AND FACTUAL HISTORY

The Petitioner, Gary Palmer, Esq., is an attorney who represented Henry Thompson with respect to a claim for Social Security benefits (hereinafter "Petitioner" or "Palmer") filed the Petition for Writ of Mandamus, which sought payment for a fully favorable decision by the Appeals Council.[1] According to the Petitioner, from July 16, 2010 through August 31, 2011, he has been requesting payment of his attorney's fee from the Appeals Council and the Office of Disability Adjudication

---

[1] On January 15, 2010, the Appeals Council issued its fully favorable decision, which contained an approval of Palmer's fee agreement with the claimant. (D.E. #1-4).

and Review to no avail. Following, the Petitioner filed the Petition for Writ of Mandamus. In response, the Defendant filed the Motion to Dismiss asserting that this Court does not have jurisdiction and the petition failed to state a claim for mandamus.

According to the Defendant, on January 15, 2010, the Appeals Council approved the Petitioner's fee agreement for representing Henry D. Thompson (hereinafter "Thompson") before the agency.[2] However, in the interim, unbeknownst to the Petitioner, Thompson engaged the services of a non-attorney representative to represent him before the agency; and on November 1, 2010, the agency erroneously paid the non-attorney representative fees in the amount of $5,917.00. The Defendant further states that on January 20, 2012, a letter was sent to the Petitioner advising him of the error and instructing him to submit a fee petition in order to obtain his fees. On February 1, 2012, a letter was sent to the non-attorney representative informing her that she was paid in error and needed to return the fee and submit a fee petition.

Additionally, the Defendant contends that sovereign immunity protects the Government from suit; and that the Petitioner is not entitled to mandamus relief. Specifically, the Defendant argues that the Petitioner is not entitled to mandamus relief because he has not shown this Court has subject matter jurisdiction; he has not shown he has a clear right to the relief sought or that Commissioner has a clear duty to act; he has an adequate alternative remedy; and his request is premature under the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. §2412(d). For these reasons, the Defendant asserts that this case should be dismissed.

In the Petitioner's Response, Palmer asserts he satisfied all the prerequisites for mandamus.

---

[2]Thompson hired the Petitioner to represent him before the agency in his Social Security disability case and submitted to the agency an Appointment of Representative form wherein he appointed the Petitioner as his representative.

Additionally, the Petitioner questions whether filing a written fee petition is an adequate remedy for him to be paid, given the circumstances of this case. To this point, Palmer asserts that unless the non-attorney representative voluntarily returns the monies erroneously paid to them, Palmer cannot be paid for his legal services. Furthermore, the Petitioner asserts that the Social Security Administration (hereinafter "SSA") is not protected by Sovereign Immunity because it has an unambiguous and nondiscretionary duty under the Social Security Act, 42 U.S.C. § 406(a) to pay the full amount of the authorized attorney's fee directly to the Plaintiff; and that this Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. Lastly, the Petitioner contends that the SSA is not prohibited from paying him from the Federal Disability Insurance Trust Fund (hereinafter "FDITF"), 42 U.S.C. § 401(b).

The Defendant files a Reply asserting that the Petitioner has not addressed the elements of mandamus and cites no authority for the proposition that the SSA has "unclean hands" in this case, and thus, has not satisfied the prerequisites for mandamus. According to the Defendant the Petitioner does not have to wait until the non-attorney representative returns the fee to SSA before he gets paid, the SSA is protected by sovereign immunity, this Court does not have subject matter jurisdiction, and SSA may only pay attorney's fees out of disability insurance awards.

## II. LEGAL ANALYSIS

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is available as a remedy to a plaintiff if (1) he has a clear right to the relief requested; (2) he has a clear duty to act; and (3) he has exhausted all other avenues relief. Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984);

3

Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir.2004), cert. denied, 543 U.S. 1050, 125 S.Ct. 866, 160 L.Ed.2d 770 (2005). Therefore, if the plaintiff has an "alternative 'avenue of relief,'" he may not invoke the remedy of mandamus. Lifestar Ambulance Service, Inc. v. United States, supra, 365 F.3d at 1295. Further, "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhard, 327 F. 3d 1252, 1257.

In the instant matter, it is clear that the SSA erroneously paid a non-attorney and in so doing, denied the Petitioner payment for the work performed in representing Henry Thompson with respect to a claim for Social Security benefits. Nevertheless, this Court does not have subject matter jurisdiction. The Petitioner has not satisfied all the prerequisites for mandamus. Specifically, Palmer has failed to show that he has exhausted all remedies prior to the filing of this action. The Petitioner has an avenue of relief which requires him to file a fee petition in order to receive reimbursement for his services. This was set out in a declaration from Janet Eldridge, Operations Analyst, for the Operations Support Branch, Social Security Administration (hereinafter "Eldridge"). In the declaration, Eldridge states that on January 20, 2012, a notice was sent to Palmer advising him of the error, reversing approval of his fee agreement, and instructing him to submit a fee petition in order to obtain the fees due him. (D.E. #9-1).

Additionally, since it appears that Thompson had multiple representatives, it is up to the SSA to apportion the amounts due each representative, however, it cannot determine the amount owed to the Petitioner without him filing a fee petition. POMS GN 03940.038. Since this Court lacks jurisdiction in this matter, any other issues raised by the Petitioner need not be addressed.

### III. CONCLUSION

Based on the foregoing, the Court finds that it does not subject matter jurisdiction over this matter. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)  The Motion to Dismiss filed by the Defendant (D.E. #9) is **GRANTED**; and

(2)  The Petition for Writ of Mandamus filed by the Petitioner (D.E. # 1) is **DENIED**.

**DONE AND ORDERED** this **30** day of July, 2012.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE

5